UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LARRY WHITE,
    Plaintiff,

v.

COUNTY OF SAN FRANCISCO,
    Defendant.

Case No. 17-cv-00088-JD

**ORDER OF DISMISSAL**

Larry White, a state prisoner, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. He has been granted leave to proceed in forma pauperis.

## DISCUSSION

### STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above

the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. The United States Supreme Court has explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**LEGAL CLAIMS**

Plaintiff alleges that the presiding judge in his criminal trial did not have an official oath of office on record until after his trial. In order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a 42 U.S.C. § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994). A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. *Id*. at 487.

Plaintiff was convicted of multiple rapes after trial in 2008. He states that the presiding judge's official oath of office was not filed until 2011. He also states that judge who issued the arrest warrant did not have an oath of office on file. For relief he seeks money damages. To the extent plaintiff seek relief that would render his conviction invalid, he must demonstrate that his conviction has been reversed or expunged. To the extent plaintiff does not seek relief that would invalidate his conviction he must demonstrate a violation of a right secured by the Constitution or laws of the United States to proceed under 42 U.S.C. § 1983.

Plaintiff is not entitled to relief because his allegations fail to state a claim. Plaintiff

previously brought a variation of this claim in a prior action that was dismissed. *See White v. City and County of San Francisco*, Case No. 15-cv-3265-JD. Plaintiff has repeatedly failed to show that his conviction has been reversed to proceed with a case for monetary relief. Because it would be futile to allow further amendments this case is dismissed with prejudice.

## CONCLUSION

1. This action is **DISMISSED** with prejudice for the reasons state above.
2. The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: February 6, 2017

_____
JAMES DONATO
United States District Judge

UNITED STATES DSTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LARRY WHITE,

    Plaintiff,

v.

COUNTY OF SAN FRANCISCO,

    Defendant.

Case No.  17-cv-00088-JD

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on February 6, 2017, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Larry  White
G37720
P.O. Box 5001
Calipatria, CA 92233

Dated: February 6, 2017

Susan Y. Soong
Clerk, United States District Court

By: /s/ Lisa R. Clark
LISA R. CLARK, Deputy Clerk to the
Honorable JAMES DONATO